IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERALD DUPERE
    Plaintiff,

vs.                                   3:05cv261/MCR/MD

DEPARTMENT OF REVENUE, et al.
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court upon plaintiff's amended complaint filed pursuant to 42 U.S.C. § 1983 (doc. 8). Plaintiff names the Department of Revenue and four employees of the Department of Revenue, Sam Weekley, James Francis Potter, Terry Foreman, and Sherry Courtney, as well as one Tracy Sanders as defendants in this action. Since plaintiff is proceeding *in forma pauperis*, the court must dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil

Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief.  *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of plaintiff's complaint, the court concludes that it does not present an actionable claim.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

Plaintiff alleges that in September of 2002, he was a party to a mediation settlement which established child support for a minor child in his custody. He states that on April 14, 2004, due to a Department of Revenue ("DOR") error, the DOR has no record of this mediation. He states that [defendants] "Sam Weekly and James Francis Porter and others will get DOR to represent me to adjust and re-do the final, final, settlement." What Weekly and Porter did or did not do that might have deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States is not clear.

Plaintiff next alleges that on December 8, 2004, there was a hearing, and plaintiff had no representation, although he notes that respondent [defendant] Tracy Sanders was represented by the DOR.  Thus, Tracy Sanders does not appear to have been a state actor. On May 13, 2005, plaintiff states "DOR will again represent [him] to re-do again, and that [defendants] Terry Foreman and Sherry Courtney were present." What Foreman and Courtney did, other than be present, is not apparent.  Plaintiff's last allegation appears to

relate to a July 18, 2005 hearing at which he again alleges that "DOR will represent the respondent and not [him]." The subject of the hearings or what the various individuals did to the plaintiff is completely unclear. In plaintiff's statement of claim, he repeats that he was deceived by the DOR with reference to the April 14, 2004, December 8, 2004 and May 13, 2005 dates, and with respect to the July 18, 2005 date he states that "it appears hearing generated by DOR is illogical/unjust."

For the relief requested, plaintiff states he reserves the right to achieve permanent relief at a future time, and seeks $500,000 in emergency temporary relief because the minor child requires immediate hospitalization and he needs equal means to pursue the complaint.

There is nothing in the complaint that could lead this court to conclude that the actions of any of the defendants/state actors deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Plaintiff does not mention any such violations, only a vague complaint of "deception" by the DOR. "Deceit" is not a constitutional claim. Furthermore, the mere fact that plaintiff has submitted his complaint on a form for use in cases pursuant to § 1983 does not suffice to establish the jurisdiction of the court when plaintiff has failed to raise a federal claim. Thus in the alternative, this complaint could be dismissed for lack of jurisdiction.

Accordingly it is respectfully RECOMMENDED:

That this case be dismissed pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii) because it fails to state a claim under 42 U.S.C. § 1983, or in the alternative, that it be dismissed for lack of jurisdiction because it does not state a federal claim.

At Pensacola, Florida, this 10th day of August, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).